UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCIS KELLY<br>11919 Alberta Drive<br>Philadelphia, PA 19154<br><br>Plaintiff,<br><br>v.<br><br>HD SUPPLY HOLDINGS, INC.<br>3100 Cumberland Blvd.<br>Atlanta, GA, 30339 United States<br>and<br>HD SUPPLY, INC.<br>1100 John Galt Way<br>Burlington, NJ 08016<br>and<br>HD SUPPLY MANAGEMENT, INC.<br>P.O. Box 182366<br>Columbus, OH 43218<br><br>Defendants. | CIVIL ACTION<br><br>CASE NO.: 14-372<br><br><br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated the instant action to redress violations by HD Supply Holdings, Inc., HD Supply, Inc., and HD Supply Management, Inc. (*hereinafter* "Defendants") of the New Jersey Law against Discrimination ("NJ LAD"). Plaintiff asserts that he was subjected to discriminatory treatment in the workplace and unlawfully terminated. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. Upon information and belief Defendant HD Supply Holdings, Inc. is incorporated under the laws of Delaware and has a principal place of business in Georgia, rendering it a citizen of Georgia and Delaware.

3. Upon information and belief Defendant HD Supply, Inc. is incorporated under the laws of Delaware and has a principal place of business in New Jersey rendering it a citizen of New Jersey and Delaware.

4. Upon information and belief Defendant HD Supply Management, Inc. is incorporated under the laws of Florida and has a principal place of business in Ohio, rendering it a citizen of Ohio and Florida.

5. This Court, in accordance with 28 U.S.C. 1332, has jurisdiction over Plaintiff's claims because there is complete diversity jurisdiction, as Plaintiff is a citizen of Pennsylvania, Defendants are deemed to be domiciled at their principal place of business and their states of incorporation, rendering them citizens of Georgia, New Jersey, Delaware, Florida, and Ohio, and the amount in controversy exceeds $75,000.

6. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state (including employing the Plaintiff at their Burlington, NJ location) and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

7. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (c)(2), because Defendants reside in and/or conduct business in this judicial district and because a

substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

8. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9. Plaintiff is an adult individual, with an address as set forth in the above caption.

10. Defendant HD Supply Holdings, Inc. is a publicly traded entity headquartered in Atlanta, Georgia.

11. Defendants HD Supply, Inc. and HD Supply Management, Inc. are subsidiaries of Defendant HD Supply Holdings, Inc.

12. Defendants jointly employed Plaintiff, as all entities are sufficiently sharing in resources, oversight, management, advertising, and all other aspects of overseeing employees and clientele of Defendants (including but not limited to Plaintiff). These entities should be properly considered joint, single and/or integrated employers of Plaintiff.

13. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

14. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15. Plaintiff was hired by Defendants on or about January 9, 2012 as a delivery driver.

16. During Plaintiff's employment with Defendants, Plaintiff was supervised by one, Dave Ostrowski.

17. Since in or about April of 2012, Plaintiff has suffered from back problems, including but not limited to herniated disks, bulging disks, and cists on his spine (which was a work-related injury and which was reported to Defendants' management as same).

18. Due to Plaintiff's aforementioned disabilities, Plaintiff is limited (at times) in his ability to walk, run, and exercise (among other daily life activities).

19. Despite his aforesaid health conditions and limitations, Plaintiff performed the duties of his job well with Defendants.

20. After sustaining his aforementioned work-related injury, Plaintiff apprised Defendants' management of his health conditions and the pain that he was experiencing in his back (as discussed *supra*).

21. In response to learning of Plaintiff's aforementioned health conditions and work-related injury, Defendants' management, including but not limited to Dave Ostrowski, treated Plaintiff with hostility and animosity by telling Plaintiff that everybody has back pain, questioning his desire to work for Defendants' and telling him that "this job may not be for you."[1]

22. Shortly after informing Defendants' management of his aforementioned work-related injury and his health conditions resulting from such injury (as discussed *supra*), Plaintiff was terminated from his employment with Defendants.

23. The reason given for Plaintiff's termination was that he failed to follow procedures by not attempting a delivery at Defendants' instructed location on or about July 12, 2013.

24. On or about July 12, 2013, Plaintiff did attempt to make a delivery at Defendants instructed location; however, after calling such location numerous times without any response,

---

[1] This is not intended to be an exhaustive list of the ways that Plaintiff was treated with animosity and hostility after informing Defendants' management of his aforementioned work-related injury and health conditions.

Plaintiff went to a secondary location (one that had a front desk employee and was less than one mile away from the first location), which was a practice that he had done in the past.

25. Upon Plaintiff's arrival at the second location, he had the front desk attendant contact the customer (whose package he was to deliver) to confirm that she was home, after which Plaintiff completed the delivery at the first location.

26. Because Defendants' reasoning for terminating Plaintiff is completely nonsensical and utterly pretextual, Plaintiff believes and therefore avers that he was actually terminated because of his health conditions, because Defendants' perceived him to be disabled, and/or in retaliation for seeking workers' compensation benefits.

**COUNT I**
**Violations of the New Jersey Law Against Discrimination ("NJ LAD")**
**(Discrimination/Wrongful Termination)**
-Against All Defendants-

27. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. During Plaintiff's employment with Defendants, Plaintiff suffered from disabilities that (at times) limited his ability to perform daily life activities.

29. Despite Plaintiff's aforementioned disabilities and limitations, Plaintiff was able to perform the duties of his job well with Defendants.

30. After informing Defendants' management of the nature of his aforesaid disabilities, Plaintiff was subjected to severe animosity and hostility and eventually terminated from his employment with Defendants.

31. Plaintiff was terminated from Defendants because of: (1) his actual disabilities; (2) his perceived disabilities; and/or (3) due to his record of impairment.

32. These actions as aforesaid constitute unlawful discrimination under the NJ LAD.

## COUNT II
## Common-Law Wrongful Discharge
## (Public Policy Violation)
## - Against All Defendants –

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. In or about April of 2013, Plaintiff sustained a work-related injury while performing work for Defendants.

35. Plaintiff reported his April 2013 work-related injury to Defendants' management.

36. Plaintiff suffered hostility and animosity from Defendants' management after reporting his aforementioned work-related injury.

37. Upon information and belief, Plaintiff was terminated in substantial part for seeking worker's compensation benefits from Defendants and/or for his work-related injuries.

38. It is against New Jersey's public policy for an employee to be terminated for making a worker's compensation claim and/or seeking workers compensation benefits. *Stewart v. County of Hudson*, 2011 N.J. Super. Unpub. LEXIS 1965, 34 (App.Div. July 22, 2011).

39. The mere temporal proximity between when Plaintiff sought worker's compensation benefits from Defendants and his termination creates an inference that his termination was in retaliation for seeking such benefits.

40. Additionally the continuous hostility and animosity that he was subjected to after he sustained a work-related injury and sought workers compensation benefits creates an inference that his termination was in retaliation for seeking such benefits.

41. These actions as aforesaid constitute wrongful termination in New Jersey.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/interference at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded liquidated/punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendants for its willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable state law;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable state law; and

F. Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: February 27, 2014