UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCIS KELLY<br>11919 Alberta Drive<br>Philadelphia, PA 19154<br><br>      Plaintiff,<br><br>v.<br><br>HD SUPPLY FACILITIES<br>MAINTENANCE, LTD<br>10641 Scripps Summit Ct<br>San Diego, CA 92131<br><br>      Defendant. | CIVIL ACTION<br><br>CASE NO.: 14-372<br><br><br><br>**JURY TRIAL DEMANDED** |

## SECOND AMENDED CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated the instant action to redress violations by HD Supply Facilities Maintenance, LTD (*hereinafter* "Defendant") of the New Jersey Law against Discrimination ("NJ LAD") and the New Jersey common law. Plaintiff asserts that he was subjected to discriminatory treatment in the workplace and unlawfully terminated. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2. Upon information and belief Defendant HD Supply Facilities Maintenance, LTD is incorporated under the laws of Georgia and has a principal place of business in California, rendering a citizen of Georgia and California.

3. This Court, in accordance with 28 U.S.C. 1332, has jurisdiction over Plaintiff's claims because there is complete diversity jurisdiction, as Plaintiff is a citizen of Pennsylvania,

Defendant is deemed to be domiciled at its principal place of business and its state of incorporation, rendering Defendant a citizen of Georgia and California and the amount in controversy exceeds $75,000.

4. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state (including employing the Plaintiff at their Burlington, NJ location) and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

5. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (c)(2), because Defendant resides in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the above caption.

8. Defendant HD Supply Facilities Maintenance, LTD is a leading supplier of maintenance, repair, and operations (MRO) products.

9. At all times relevant herein, Defendant acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired by Defendant on or about January 9, 2012 as a delivery driver.

12. During Plaintiff's employment with Defendant, Plaintiff was supervised by one, Dave Ostrowski.

13. Since in or about April of 2012, Plaintiff has suffered from back problems, including but not limited to herniated disks, bulging disks, and cists on his spine (which was a work-related injury and which was reported to Defendant's management as same).

14. Due to Plaintiff's aforementioned disabilities, Plaintiff is limited (at times) in his ability to walk, run, and exercise (among other daily life activities).

15. Despite his aforesaid health conditions and limitations, Plaintiff performed the duties of his job well with Defendant.

16. After sustaining his aforementioned work-related injury, Plaintiff apprised Defendant's management of his health conditions and the pain that he was experiencing in his back (as discussed *supra*).

17. In response to learning of Plaintiff's aforementioned health conditions and work-related injury, Defendant's management, including but not limited to Dave Ostrowski, treated Plaintiff with hostility and animosity by telling Plaintiff that everybody has back pain, questioning his desire to work for Defendants' and telling him that "this job may not be for you."[1]

---

[1] This is not intended to be an exhaustive list of the ways that Plaintiff was treated with animosity and hostility after informing Defendants' management of his aforementioned work-related injury and health conditions.

3

18. Shortly after informing Defendant's management of his aforementioned work-related injury and his health conditions resulting from such injury (as discussed *supra*), Plaintiff was terminated from his employment with Defendant.

19. The reason given for Plaintiff's termination was that he failed to follow procedures by not attempting a delivery at Defendant's instructed location on or about July 12, 2013.

20. On or about July 12, 2013, Plaintiff did attempt to make a delivery at Defendant's instructed location; however, after calling such location numerous times without any response, Plaintiff went to a secondary location (one that had a front desk employee and was less than one mile away from the first location), which was a practice that he had done in the past.

21. Upon Plaintiff's arrival at the second location, he had the front desk attendant contact the customer (whose package he was to deliver) to confirm that she was home, after which Plaintiff completed the delivery at the first location.

22. Because Defendant's reasoning for terminating Plaintiff is completely nonsensical and utterly pretextual, Plaintiff believes and therefore avers that he was actually terminated because of his health conditions, because Defendant perceived him to be disabled, and/or in retaliation for seeking workers' compensation benefits.

## COUNT I
### Violations of the New Jersey Law Against Discrimination ("NJ LAD")
### (Discrimination/Wrongful Termination)

23. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

24. During Plaintiff's employment with Defendant, Plaintiff suffered from disabilities that (at times) limited his ability to perform daily life activities.

25. Despite Plaintiff's aforementioned disabilities and limitations, Plaintiff was able to perform the duties of his job well with Defendant.

26. After informing Defendant's management of the nature of his aforesaid disabilities, Plaintiff was subjected to severe animosity and hostility and eventually terminated from his employment with Defendant.

27. Plaintiff was terminated from Defendant because of: (1) his actual disabilities; (2) his perceived disabilities; and/or (3) due to his record of impairment.

28. These actions as aforesaid constitute unlawful discrimination under the NJ LAD.

## COUNT II
### Common-Law Wrongful Discharge
### (Public Policy Violation)

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. In or about April of 2013, Plaintiff sustained a work-related injury while performing work for Defendant.

31. Plaintiff reported his April 2013 work-related injury to Defendant's management.

32. Plaintiff suffered hostility and animosity from Defendant's management after reporting his aforementioned work-related injury.

33. Upon information and belief, Plaintiff was terminated in substantial part for seeking worker's compensation benefits from Defendant and/or for his work-related injuries.

34. It is against New Jersey's public policy for an employee to be terminated for making a worker's compensation claim and/or seeking workers compensation benefits. *Stewart v. County of Hudson*, 2011 N.J. Super. Unpub. LEXIS 1965, 34 (App.Div. 2011).

35. The mere temporal proximity between when Plaintiff sought worker's compensation benefits from Defendant and his termination creates an inference that his termination was in retaliation for seeking such benefits.

36. Additionally the continuous hostility and animosity that he was subjected to after he sustained a work-related injury and sought workers compensation benefits creates an inference that his termination was in retaliation for seeking such benefits.

37. These actions as aforesaid constitute wrongful termination in New Jersey.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/interference at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

  C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

  D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable state law;

  E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable state law; and

  F. Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law.

                Respectfully submitted,

                **KARPF, KARPF & CERUTTI, P.C.**

By: _____

                Christine E. Burke, Esq.
                Ari R. Karpf, Esq.
                3331 Street Road
                Two Greenwood Square, Suite 128
                Bensalem, PA 19020
                (215) 639-0801

Dated: April 7, 2014