NOT FOR PUBLICATION                                                                (Doc. Nos. 17, 22)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| FRANCIS KELLY, | : |
| Plaintiff, | :  Civil No. 14-372 (RBK/AMD) |
| v. | : |
|  | :  **OPINION** |
| HD SUPPLY HOLDINGS, INC. et al., | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

Before the Court is the motion of HD Supply Facilities Maintenance, Ltd. ("Defendant") to dismiss the Second Amended Complaint ("SAC") of Francis Kelly ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6).  Also before the Court is Plaintiff's cross motion for sanctions against Defendant.  For the reasons set forth below, both Defendant's motion to dismiss and Plaintiff's motion for sanctions are **DENIED**.

I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's suit arises from his alleged unlawful termination.  Plaintiff began employment as a delivery driver with Defendant on January 9, 2012.  (SAC ¶ 11.)  Plaintiff sustained a work-related injury in April of 2013,[1] which led to back problems including "herniated disks, bulging disks, and cists on his spine."  (Id. ¶ 13.)  These back problems caused Plaintiff to be limited in

---

[1] The SAC states that the injury took place in April of 2012.  However, Plaintiff clarifies in his brief that "2012" is a typographical error, and "[a]ll of the other events outlined in the Complaint pertaining to Plaintiff's work related injury clearly relate to 2013." (Pl.'s Br. 5 n.2.)

1

his ability to "walk, run, and exercise (among other daily life activities)." (Id. ¶ 14.) Plaintiff told his employer of his condition, whereupon Defendant was allegedly hostile toward Plaintiff, Plaintiff's desire to work was questioned, and he was told that "this job may not be for you." (Id. ¶ 17.) Plaintiff also sought workers' compensation benefits. (Id. ¶ 33.) Shortly after informing Defendant of the injury, Defendant terminated Plaintiff. (Id. ¶ 18.)

On January 20, 2014, Plaintiff filed his first Complaint before this Court. (Doc. No. 1.) Plaintiff filed an Amended Complaint on February 28, 2014. (Doc. No. 9.) Plaintiff filed a Second Amended Complaint against Defendant on April 7, 2014.[2] (Doc. No. 12.) Count I of Plaintiff's SAC alleges wrongful termination and discrimination under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-1 et seq., due to "(1) his actual disabilities; (2) his perceived disabilities; and/or (3) due to his record of impairment." (SAC ¶ 27.) Count II alleges common law wrongful discharge in violation of public policy in retaliation "for seeking worker's compensation benefits from Defendant and/or for his work-related injuries." (Id. ¶ 33.) Defendant moved to dismiss Plaintiff's SAC on April 21, 2014. (Doc. No. 17.) Plaintiff filed a cross motion for sanctions against Defendant on May 2, 2014. (Doc. No. 22.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a

---

[2] The SAC dropped as Defendants HD Supply Holdings, Inc., HD Supply, Inc. and HD Supply Management, Inc., and named only current Defendant HD Supply Facilities Maintenance, Ltd.

complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Id. (quoting Iqbal, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 131 (quoting Iqbal, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. (quoting Iqbal, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. Id.

In considering a Rule 12(b)(6) motion to dismiss, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based on those documents, and matters of public record. In re Bayside Prison Litig., 190 F. Supp. 2d 755, 760 (D.N.J. 2002). See also Winer Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007). If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The court has discretion to either convert a motion to dismiss into a motion for summary judgment, or to ignore the matters presented outside the pleadings and continue to treat the filing as a motion to dismiss. Kurdyla v. Pinkerton Sec., 197 F.R.D. 128, 131 (D.N.J. 2000).

The court should not convert a motion to dismiss into a motion for summary judgment when little discovery has taken place. Id. at 131 & n.8.

## III. DISCUSSION

As a preliminary matter, this Court notes that Defendant improperly attached a Declaration of a human resources personnel for HD Supply Facilities Maintenance in an apparent attempt to dispute some of Plaintiff's contentions in his SAC. Ex. A to Def.'s Br. The Court declines to treat this motion as a motion for summary judgment, and instead will disregard Defendant's Declaration in deciding this motion to dismiss.

### A. New Jersey Law Against Discrimination – Count I

Count I of Plaintiff's SAC alleges wrongful termination and discrimination on the basis of Plaintiff's disability in violation of the NJLAD. Courts have held that to establish a prima facie case for wrongful termination on the basis of disability discrimination under the NJLAD, the plaintiff must show that "(1) he is disabled, (2) was objectively qualified for his position, (3) was terminated, and (4) the employer sought to or actually did fill his position with a similarly qualified person." Schummer v. Black Bear Distribution, LLC, 965 F. Supp. 2d 493, 501 (D.N.J. 2013) (citing Armstrong v. Burdette Tomlin Mem'l Hosp., 438 F.3d 240, 249 (3d Cir. 2006). Defendant argues that Plaintiff failed to plead that his employer filled or sought to fill his position after his discharge, and thus the claim should be dismissed. Def.'s Br. 4. Plaintiff argues that the claim should not be dismissed because he is not required to establish a prima facie case at the pleadings stage. Pl.'s Br. 7. Plaintiff further contends that even if he were required to establish a prima facie case at the pleadings stage, the fourth element is not absolutely necessary for a plaintiff to make out a prima facie case of discrimination under the NJLAD. Id.

4

In employment discrimination cases, New Jersey has adopted the procedural burden-shifting methodology articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). See Andersen v. Exxon Co., U.S.A., 446 A.2d 486, 490 (N.J. 1982). Under this framework, a plaintiff must first establish a prima facie case of discrimination. Id. at 491. Once established, an inference of discrimination is created and the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employer's action. Id. If the employer meets this requirement, the burden then shifts back to the plaintiff to demonstrate that the reason articulated by the employer was merely pretext for discrimination. Id.

The Supreme Court has held that in employment discrimination cases, a plaintiff is not required to establish a prima facie case at the pleadings stage. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002). Defendants argue that in the wake of Twombly and Iqbal, Swierkiewicz was repudiated. Def.'s Rep. Br. 3. However, the Supreme Court itself clarified in Twombly that "Swierkiewicz did not change the law of pleading, but simply re-emphasized . . . that the . . . use of a heightened pleading standard for Title VII cases was contrary to the Federal Rules' structure of liberal pleading requirements." Twombly, 550 U.S. at 569. Thus, this Court finds that Plaintiff was not required to plead a prima facie case in order to survive a motion to dismiss.[3]

Furthermore, this Court agrees with Plaintiff's second argument. A plaintiff is not required to "establish unfailingly," as part of the prima facie case, that he was replaced by

---

[3] Defendant cites Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009) for the proposition that Swierkiewicz no longer applies. Def.'s Rep. Br. 3. However, the Third Circuit held that Swierkiewicz was repudiated by Twombly and Iqbal only "insofar as it concerns pleading requirements and relies on Conley." Fowler, 578 F.3d at 211. This Court notes that, while Swierkiewicz necessarily was based in part on the relevant notice pleading standard preceding Twombly and Iqbal, the new plausibility standard does not change the holding in Swierkiewicz that "[t]he prima facie case under McDonnell Douglas . . . is an evidentiary standard, not a pleading requirement." Swierkiewicz, 534 U.S. at 510. Indeed, even applying Twombly and Iqbal to employment discrimination claims, "the quantum of facts that a discrimination complaint should contain may bear further development." Guirguis v. Movers Specialty Servs., Inc., 346 Fed. App'x. 774, 776 n.6 (3d Cir. 2009).

5

someone who is not a member of his protected class.  Williams v. Pemberton Twp. Pub. Schs., 733 A.2d 571, 578 (N.J. Super. Ct. App. Div. 1999).  Rather, "[t]he appropriate fourth element of a plaintiff's prima facie case requires a showing that the challenged employment decision . . . took place under circumstances that give rise to an inference of unlawful discrimination."  Id.  See also Huggard v. Crown Bank, No. 11-6194, 2012 WL 529548, at *4 (D.N.J. Feb. 17, 2012) ("When it comes to determining what should be required, if anything, to constitute the fourth element of a plaintiff's prima facie case, courts have considerable discretion in determining whether such an element is absolutely necessary for a plaintiff to make out a case of discrimination.")  Thus, a prima facie case need not necessarily require a showing that the plaintiff was replaced; the fourth element, if required at all, may alternatively be established by showing that the adverse employment action occurred under circumstances that point to an inference of discrimination.  Moreover, where the plaintiff is able to produce direct evidence of discrimination, the McDonnell Douglas framework, and thus the prima facie elements, do not apply.  Swierkiewicz, 534 U.S. at 511.

It follows that Plaintiff need not plead all the elements of a prima facie case of discrimination because those elements may not be required at trial.  Instead, plaintiff's claim must be facially plausible and give fair notice to the defendants of the basis of the claim.  Huggard, 2012 WL 529548, at *4 (citing Barbosa v. Continuum Health Partners, Inc., 715 F. Supp. 2d 210, 215 (S.D. N.Y. 2010).  "[S]tating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element . . .  The complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."  Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 321-22 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556) (internal quotations omitted) (emphasis added).

6

Even if a plaintiff were required to plead facts supporting a prima facie case of discrimination, that prima facie case need not necessarily require a showing that the plaintiff was replaced.

In the instant case, Plaintiff has pled sufficient facts to survive the motion to dismiss. He alleges that he was disabled, SAC ¶¶ 13-14, that he was able to perform his job duties, Id. ¶ 15, and that he was terminated after bringing the disability to his employer's attention, Id. ¶ 18. Although the Court finds Plaintiff's allegations that Defendant treated him with "animosity and hostility" to be merely conclusory, Id. ¶ 26, Plaintiff alleges that after he notified management of his injury and his disabilities, he was specifically told that "this job may not be for you," and thereafter he was fired, Id. ¶ 17. Viewing the SAC in the light most favorable to the Plaintiff, this Court finds that, on these facts, Plaintiff can plausibly demonstrate that he was terminated under circumstances giving rise to an inference of discrimination. Defendant's motion to dismiss Count I is denied.

### B. Common Law Wrongful Discharge – Count II

In New Jersey, an at-will employee "has a cause of action for wrongful discharge when the discharge is contrary to a clear mandate of public policy. The sources of public policy include legislation; administrative rules, regulations or decisions; and judicial decisions." Pierce v. Ortho Pharm. Corp., 417 A.2d 505, 512 (N.J. 1980). The Supreme Court of New Jersey has recognized that "[a] plaintiff has a common law right of action for wrongful discharge based upon an alleged retaliatory firing attributable to the filing of a workers' compensation claim." Lally v. Copygraphics, 428 A.2d 1317, 1318 (N.J. 1981). However, where the "sources of public policy [a plaintiff] relies on are coterminous with his statutory claims, he cannot advance a separate common law public policy claim." Lawrence v. Nat'l Westminster Bank New Jersey, 98 F.3d 61, 73 (3d Cir. 1996).

Defendant argues that Plaintiff cannot bring a NJLAD claim concurrently with his common law wrongful discharge claim because the two claims are based on the same facts. Defs.' Br. 5-6.  Plaintiff argues that because the elements of his NJLAD claim and the common law retaliation claims are different, the NJLAD does not preempt his common law claim.  Pl.'s Br. 14.

This Court finds that Plaintiff is not precluded from pursing both claims simply because they involve similar facts.  See Young v. Schering Corp., 660 A.2d 1153, 1161 (affirming that employee was not precluded from pursuing common law claims that were sufficiently distinct from his claim under the Conscientious Employee Protection Act).  New Jersey courts and courts in the District of New Jersey have dismissed claims as duplicative where the NJLAD provides a remedy for the common law claim.  See Catalane v. Gilian Instr. Corp., 638 A.2d 1341, 1349 (N.J. Super. Ct. App. Div. 1994); Butler v. Sherman Silverstein & Kohl, P.C., 755 F. Supp. 1259, 1265 (D.N.J. 1990) ("[T]he Supreme Court does not intend to allow a supplementary common law cause of action where the NJLAD provides a remedy for the wrong.")  But these cases involve claims for violations of public policy that are identical to the NJLAD claims.  Id.  See also, e.g., DeJoy v. Comcast Cable Commc'ns, Inc., 941 F. Supp. 468, 476 (D.N.J. 1996) (dismissing common law claim where plaintiff "does not make separate allegations" but merely "seeks recovery under the public policy of New Jersey for the same alleged wrongs for which he seeks recovery under Federal and State statutes in the prior counts").

In the instant case, Plaintiff is pursuing a separate claim under common law stemming from his termination "for seeking worker's compensation benefits from Defendant." SAC ¶ 33. Plaintiff identifies Stewart v. Cnty. of Hudson, No. L-3579-07, 2011 WL 2935042 (N.J. Super. Ct. App. Div. July 22, 2011), not the NJLAD, as the source of public policy for this common law

action. Id. ¶ 34. To make a prima facie case for a retaliatory discharge, the employee must prove "(1) that he made or attempted to make a claim for workers' compensation; and (2) that he was discharged in retaliation for making that claim." Cerracchio v. Alden Leeds, Inc., 538 A.2d 1292, 1297 (N.J. Super. Ct. App. Div. 1988). Although the facts that led to Plaintiff making a workers' compensation claim relate to his alleged disability, the common law claim could survive even if Plaintiff is not successful in his claim for wrongful discharge for disability discrimination in violation of the NJLAD. The common law cause of action is not identical to the NJLAD claim. Thus, the common law claim is not preempted by the NJLAD claim. Defendant's motion to dismiss Count II is denied.

### C. Sanctions

Plaintiff's cross motion for sanctions is grounded in (1) the court's "inherent power," and (2) 28 U.S.C. § 1927. "[A] district court has inherent authority to impose sanctions upon those who would abuse the judicial process." Republic of Philippines v. Westinghouse Elec. Corp., 43 F.3d 65, 73 (3d Cir. 1994) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43-44 (1991)). Federal courts may exercise their inherent power to impose sanctions "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers, 501 U.S. at 33. Likewise, § 1927 states that "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The court must find willful bad faith before imposing attorney's fees under this provision. Hackman v. Valley Fair, 932 F.2d 239, 242 (3d Cir. 1991).

Despite this Court's decision to deny Defendant's motion to dismiss, the Court declines to impose sanctions on Defendant because Defendant did not act in bad faith. Contrary to

Plaintiff's argument, "a simple review of Lexis or Westlaw (in a matter of moments)" does not "demonstrate that Defendant's arguments to this Court could not have been made in good faith."[4] Pl.'s Br. 18. Plaintiff argues that, with regard to his NJLAD claim, Defendant acted in bad faith by citing to cases relating to age discrimination claims rather than disability claims. Id. at 19. While this is true, given that the same framework analysis is used in both types of cases, the Court does not find that this demonstrates any bad faith on the part of Defendant.[5] See Vanderhoof v. Life Extension Institute, 988 F. Supp. 507, 514 (D.N.J. 1997) (listing the elements of a prima facie case for age discrimination under the NJLAD). And, although this Court finds that the NJLAD does not preempt the common law claim because the common law claim does not mirror the NJLAD claim, Defendant's review of the case law does present a legitimate question as to whether the common law claim should proceed.

Defendant was advocating for his client by utilizing the "logical method by which to defend against" Plaintiff's Complaint. Def.'s Rep. Br. 6. Courts are cautioned to sparingly award sanctions in all but the most egregious of cases, "lest the prospect thereof chill the ardor of proper and forceful advocacy on behalf of [the] client." Hackman, 932 F.2d at 242 (quotations omitted). A weak case, as long as it is arguable, does not merit sanctions. Id. Defendant's arguments were grounded in both good faith and the law, and thus this Court denies Plaintiffs cross motion for sanctions.

IV.     **CONCLUSION**

---

[4] The Court notes that a review of Lexis or Westlaw for a few moments in fact revealed the complicated nature of the motion to dismiss.

[5] Moreover, the Court notes that in his brief, Plaintiff himself relies on case law pertaining to discrimination based on race and age rather than disability. Pl.'s Br. 8.

10

For the foregoing reasons, Defendant's motion to dismiss is **DENIED**.  Plaintiff's cross motion for sanctions is also **DENIED**.  An appropriate order shall issue today.


Dated: 10/31/2014                                                         s/ Robert B. Kugler
                                                                                      ROBERT B. KUGLER
                                                                                      United States District Judge